FILED
CLERK, U.S. DISTRICT COURT
MAR 21 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK NA, | CASE NO. CV 13-1680 UA (RZ) |
| Plaintiff, | |
| vs. | ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |
| DOMINGO ESTEVEZ, PATRICIA MORA aka PATRICIA MORA ESTEVEZ, et al., | |
| Defendants. | |

The Court will remand this unlawful detainer action to state court because it was removed improperly.

On March 8, 2013, Domingo Estevez, one of two defendants named in what appears to be a routine post-foreclosure unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff Wells Fargo Bank NA could not have brought this action in federal court in the first place, in that neither diversity jurisdiction nor federal-question jurisdiction exists, and therefore Defendant is not allowed to remove the action.

28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). It is not clear whether Plaintiff is diverse from Defendant, but Defendant does not appear to assert diversity jurisdiction in any event. But even if complete diversity of citizenship existed and if Defendant had relied upon such jurisdiction, the amount in controversy in the removed action does not exceed the jurisdictional threshold of $75,000. On the contrary, Plaintiff's unlawful-detainer complaint bears a caption indicating that the amount in controversy does not exceed $10,000. Also, because Defendant resides in the forum state, Defendant cannot properly remove the action, at least to the extent diversity jurisdiction is asserted. 28 U.S.C. § 1441(b).

Nor does Plaintiff's unlawful detainer action raise any federal legal question. Defendant asserts in his Notice of Removal that "[f]ederal question jurisdiction exists because Defendants' demurrer a pleading depend [*sic*] on the determination of Defendants' rights and Plaintiff's duties under federal law." Ntc. at 2-3. But *Defendant's* contentions based on federal law are not relevant to removability. "For better or for worse . . . a defendant may not remove a case to federal court" based on a federal question "unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Etc.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (emphasis in original).

Finally, even if removal were substantively proper, this particular removal *notice* is invalid because only one of the two named defendants signed it, with no explanation for Patricia Mora's non-joinder. 28 U.S.C. § 1446(b)(2)(A); *see Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).

///
///
///
///
///

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 3/19/13

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE